# SEYFARTH
**ATTORNEYS**
## SHAW LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5523

Writer's e-mail
clowe@seyfarth.com

Writer's direct fax
(917) 344-1215

April 27, 2012

**VIA ECF**

Honorable Denis R. Hurley
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   *Torres et al. v. United Healthcare Services, Inc.*
>       <u>E.D.N.Y. Case No. 12 CV 0923(DRH)(ARL)</u>

Dear Judge Hurley:

This firm represents Defendant United Healthcare Services, Inc. ("UHG") in the above-referenced matter.  Pursuant to Your Honor's Individual Practice Rules, we write to request a pre-motion conference in connection with Defendant's anticipated motion to compel arbitration.

On February 27, 2012, Plaintiffs Janira Torres, Victor Feliciano and Maria Fonseca ("Plaintiffs") filed a Class Action Complaint against UHG, alleging claims for failure to pay overtime under the Fair Labor Standards Act and New York Labor Law.  The parties' agreements mandate that these claims proceed in arbitration for the reasons set forth below.

First, at the time of their hiring, on August 22, 2009, November 9, 2007, and December 20, 2010, respectively, Plaintiffs Janira Torres, Victor Feliciano and Maria Fonseca acknowledged receipt of and agreed to be bound by the UnitedHealth Group Employment Arbitration Policy ("Arbitration Agreement").  Copies of the Arbitration Agreement and the receipts of acknowledgement are attached as Exhibit A.  The Arbitration Agreement is significant for two reasons.  It applies to all claims "under any federal, state or local statute, ordinance, regulation or common law doctrine regarding or relating to employment discrimination, *terms and conditions of employment*, or termination of employment including, but not limited to, …the *Fair Labor Standards Act*…" (Arbitration Agreement § B) (emphasis added).  Given the Congressional policy favoring enforcement of arbitration agreements, and the broad scope of UHG's Arbitration Agreement, all of Plaintiffs' claims must proceed, if at all, in binding arbitration before the





American Arbitration Association. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991). In addition, the Arbitration Agreement provides, in pertinent part, that:

> "[a]ny dispute covered by this Policy will be arbitrated on an individual basis. No dispute between an employee and UnitedHealth Group may be consolidated or joined with a dispute between any other employee and UnitedHealth Group, *nor may any individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action.* (Arbitration Agreement § B) (emphasis added).

In short, the parties have already agreed not only that Plaintiffs' claims shall be decided in binding arbitration, but also that they waived any right to proceed with those claims in a class or collective action.

Second, the Court should uphold the parties' class action waiver. In *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), the Supreme Court held that the FAA's overarching purpose "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id.* at 1748. Although *Concepcion* approved of class action waivers (and held that the FAA preempts contrary state law) in the context of a consumer arbitration agreement, the reasoning applies equally to the enforceability of employment arbitration agreements. *See also Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (2010) (upholding individual arbitration and finding that class arbitration could not be imposed on a party that had not consented to it); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) (stating that "[a]rbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation"); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [Federal Arbitration Act] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original).

Following *Concepcion's* lead, the court in *LaVoice v. UBS Fin. Servs.*, No. 11-civ-2308 (BSJ)(JLC), 2012 U.S. Dist. LEXIS 5277, at *26 (S.D.N.Y. Jan. 13, 2012) upheld the parties' class action waiver where, as here, the plaintiff brought both class and collective action claims, alleging violations of the FLSA and New York labor law. The *LaVoice* court expressly rejected the plaintiff's argument that there is a non-waivable right to class and collective action in the wage and hour context and held that such an argument is precluded by *Concepcion*, which must be read "as standing against any argument that an absolute right to collective action is consistent with the FAA's 'overarching purpose' of 'ensur[ing] the enforcement of arbitration agreements according to their terms so as to facilitate proceedings." *Id.* at 19-20, *see also, Mansberger v. Ernst & Young LLP*, No. 652093/10 (S. Ct. N.Y. Co. July 1, 2011) (holding that *Concepcion* expressly provides that individuals may waive the right to class actions and upholding agreement barring class action of wage and hour issues). Notably, the Northern District of Georgia has reviewed this same UHG arbitration agreement, with its class action waiver, and found it to be enforceable. *Joan Allen v. United Healthcare Services , Inc. et al.*, No. 11-cv-179 (WSD), (N.D.G.A, April 22, 2011 order).



Although two district courts have held certain class action waivers to be unenforceable, those decisions are neither controlling nor well-reasoned. *See Raniere v. Citigroup*, No. 11 Civ. 2448, 2011 WL 5881926 (S.D.N.Y. Nov. 22, 2011); *Sutherland v. Ernst & Young LLP*, No. 10 Civ. 3332 (KMW)(MHD), 2012 WL 130420 (S.D.N.Y. Jan 17, 2012). In *Raniere*, the court held a collective action waiver unenforceable based on an erroneous finding that collective actions are a substantive right under the FLSA. Such a position is contrary to *LaVoice* and other decisions that have addressed the issue. *See, e.g., Knepper v. Rite Aid Corp.*, 2012 U.S. App. LEXIS 6216, 41-42 (3d Cir. 2012); *Vilches v. The Travelers Cos., Inc.*, 413 Fed. Appx. 487, 494 n. 4 (3d Cir. 2011); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005); *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002); *Horenstein v. Mortgage Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001). The *Raniere* decision is currently on appeal to the Second Circuit. In *Sutherland*, the court distinguished *Concepcion* and invalidated a waiver on the grounds that the plaintiff's estimated damages were less than $2,000, and that the plaintiff likely would have had to bear arbitration costs and expenses and would not have been able to recover attorneys' fees. Those facts simply are not present here. Moreover, the Supreme Court in *Concepcion* explicitly stated that class action waivers should not be held unenforceable simply because a plaintiff's claims are too small to justify the cost of pursuing them. *Concepcion* at 1753. Therefore, *Concepcion* likely overruled *Sutherland* as well.

By letter dated April 4, 2012 to Plaintiffs' counsel, UHG requested that Plaintiffs voluntarily withdraw their Complaint and, should they so choose, submit a demand for arbitration of their individual claims pursuant to the terms of the Arbitration Agreement to avoid costly motion practice and the wasting of judicial resources. Following a meet and confer among counsel, the parties were unable to resolve these issues.

Therefore, in view of the parties' clear expression of their intent to arbitrate individual claims, UHG respectfully requests a pre-motion conference or, alternatively, a briefing schedule for its motion to compel arbitration.

We thank Your Honor for the Court's consideration of this matter.

> SEYFARTH SHAW LLP
>
> /s/ Christopher H. Lowe
>
> Christopher H. Lowe

Enclosures

cc:   Mary E. Ahrens, Esq.

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

# EXHIBIT A

## New Employee Forms

**Review and Acknowledge at the bottom of this page**

# UnitedHealth Group Employment Arbitration Policy

### A.      STATEMENT OF INTENT

UnitedHealth Group Incorporated and its subsidiaries (referred to as "UnitedHealth Group") acknowledge that disagreements may arise between an individual employee[1] and UnitedHealth Group or between employees in a context that involves UnitedHealth Group. UnitedHealth Group believes that the resolution of such disagreements is best accomplished through internal dispute resolution ("IDR"), and, where that fails, by arbitration administered by the American Arbitration Association ("AAA"). Employees and UnitedHealth Group benefit from the use of private arbitration because it usually results in quicker, less costly resolution of disagreements than litigation in state or federal courts. For these reasons, UnitedHealth Group has adopted this Employment Arbitration Policy ("Policy").

This Policy is a binding contract between UnitedHealth Group and its employees. **Acceptance of employment or continuation of employment with UnitedHealth Group is deemed to be acceptance of this Policy.** However, this Policy is not a promise that employment will continue for any specified period of time or end only under certain conditions. Employment at UnitedHealth Group is a voluntary (at will) relationship existing for no definite period of time and this Policy does not change that relationship.

### B.      SCOPE OF POLICY

The agreement between each individual employee and UnitedHealth Group to be bound by the Policy creates a contract requiring both parties to resolve most employment-related disputes (excluded disputes are listed below) that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

The disputes covered under this Policy include any dispute between an employee and any other person where: (1) the employee seeks to hold UnitedHealth Group liable on account of the other person's conduct, or (2) the other person is also covered by this Policy and the dispute arises from or relates to employment, including termination of employment, with UnitedHealth Group. The disputes covered under the Policy also include any dispute UnitedHealth Group might have with a current or former employee which arises or relates to employment.

Employees are encouraged to exhaust the IDR process before initiating arbitration. If an employment-related dispute is not resolved through the IDR process and the dispute is based on a legal claim not expressly excluded from this Policy, any party to the dispute may initiate the arbitration process. UnitedHealth Group is not required to follow the steps of either IDR or the Policy before initiating or implementing any disciplinary action.

A dispute is based on a legal claim and is subject to this Policy if it arises from or involves a claim under any federal, state or local statute, ordinance, regulation or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment including, but not limited to, the following: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments and regulations, state human rights and non-discrimination laws; whistleblower or retaliation claims; breach of contract, promissory estoppel, or any other contract claim, and defamation, employment negligence, or any other tort claim. Claims excluded from arbitration under the Policy are claims for severance benefits under the UnitedHealth Group Severance Pay Plan, claims for benefits under UnitedHealth Group's other ERISA benefit plans,

and claims for benefits under UnitedHealth Group's Short-Term Disability Plan. A separate arbitration policy applies to certain of these benefit-related claims. Further information can be found in your Benefits Handbook.

Any dispute covered by this Policy will be arbitrated on an individual basis. No dispute between an employee and UnitedHealth Group may be consolidated or joined with a dispute between any other employee and UnitedHealth Group, nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Policy and would be subject to immediate judicial review.

This Policy does not preclude an employee from filing a claim or charge with a governmental administrative agency, such as the National Labor Relations Board, the Department of Labor, and the Equal Employment Opportunity Commission, or from filing a workers' compensation or unemployment compensation claim in a statutorily-specified forum. In addition, this Policy does not preclude either an employee or UnitedHealth Group from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law. However, after the court has issued a ruling concerning the emergency or temporary injunctive relief, the employee and UnitedHealth Group are required to submit the dispute to arbitration pursuant to this Policy.

The arbitrator will be bound by the applicable law of the jurisdiction under which the dispute arises. This Policy covers any dispute subject to arbitration which is brought on or after the applicable effective date, as set forth in Section E of this Policy, even if the alleged act or omission occurred prior to the applicable effective date.

An issue is subject to arbitration only if it states a claim under applicable federal, state, or local law. An arbitrator or a court of law with jurisdiction shall dismiss, without a hearing on the merits, any matter which does not state a claim under applicable federal, state, or local law.

**C.      ARBITRATION RULES AND PROCEDURES**

The rules and procedures to be used by the parties are generally based on the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA Rules"). UnitedHealth Group has modified the rules and procedures in certain respects. In particular, provisions regarding fees and costs have been modified to provide that many of the costs typically shared by the parties will be borne by UnitedHealth Group. In addition, provisions permitting limited discovery have been added to ensure that both parties have similar access to relevant information. The AAA Rules shall govern issues not specifically addressed by this Policy.

1.      **Initiation of Arbitration Proceeding**

a.      **Arbitration Initiated by Employee** - UnitedHealth Group shall pay 100 percent in excess of the first twenty-five dollars ($25) of the required AAA administrative fee. An employee may initiate arbitration by submitting a written demand for arbitration to Corporate Employee Relations, UnitedHealth Group, 9900 Bren Road East, MN008-T850, Minnetonka, MN 55343, with a check for $25 payable to UnitedHealth Group. The demand shall set forth the dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30 business days of receiving such demand, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule.

b.      **Arbitration Initiated by UnitedHealth Group** - UnitedHealth Group may initiate arbitration by submitting a written demand for arbitration to the employee's last home address of record via certified mail or overnight mail. The demand shall set forth the legal claim and dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30

business days of submitting the demand to the employee, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule. When arbitration is initiated by UnitedHealth Group, the company is responsible for 100% of all AAA administrative fees.

2.     **Appointment of Neutral Arbitrator**

The AAA shall appoint one neutral arbitrator from its Panel of Arbitrators, unless UnitedHealth Group and the employee mutually agree that a panel of three (3) arbitrators be appointed. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" in these Rules shall refer to the panel. The arbitrator shall be appointed in the following manner:

a.     As soon as practicable, the AAA shall submit to each party an identical list of nine (9) proposed arbitrators.

b.     Each party shall have ten (10) business days from the mailing date of the list to cross off names of arbitrators to which the party objects, number the remaining names in order of preference and return the list to the AAA. Each party may strike up to three names without cause.

c.     If the party does not return the list within the time specified, all persons on the list shall be deemed acceptable.

d.     The AAA shall appoint an arbitrator remaining on the list in the order of preference, to the extent the order of preference of the parties can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue an additional list of arbitrator names to the parties.

3.     **Qualifications of Neutral Arbitrator**

No person shall serve as a neutral arbitrator in any matter in which that person has or may have any financial or personal interest in the result of the proceeding. Prior to accepting appointment, the prospective arbitrator shall disclose to the AAA any information or circumstance which may be likely to prevent a prompt hearing, create a presumption of bias, or create a conflict of interest. Upon receipt of such information, the AAA shall either replace that person or communicate the information to the parties for comment. The parties must provide comment to the AAA within ten (10) business days of receipt of the communication. The parties may waive their right to seek disqualification of the arbitrator. If a party seeks disqualification of the arbitrator due to the potentially conflicting circumstance, the AAA shall make the final and conclusive determination concerning disqualification.

4.     **Vacancies**

If a vacancy occurs, if an appointed arbitrator is unable to serve promptly, or if an arbitrator is disqualified under subparagraph 3 above, the vacancy shall be filled in accordance with subparagraph 2.

5.     **Summary Disposition**

The arbitrator shall have the authority to issue an award or partial award without conducting an arbitration hearing on the grounds that there is no claim stated on which relief can be granted or that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law, consistent with Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. Upon the request of either party, the arbitrator will

establish a briefing schedule and, if necessary, schedule an opportunity for oral argument prior to considering such motions for summary judgment.

6.      **Date, Time and Place of Hearing**

The arbitrator shall set the date, time and place of the hearing, written notice of which must be received by the parties from the AAA or arbitrator at least ten (10) business days in advance of the hearing, unless the parties agree otherwise.

7.      **Representation**

Any party may be represented by an attorney, a current non-supervisory UnitedHealth Group coworker, or by him or herself. A party must inform the other party and the AAA of the name, address and telephone number of an authorized representative at least three (3) business days prior to the date set for the hearing.

8.      **Confidentiality**

All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary. The arbitrator shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary. The arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

9.      **Attendance at Hearing**

The arbitrator shall have the power to require the exclusion of any witness, other than a party, or other essential person, during the testimony of any other witness. In general, any person who has a direct interest in the arbitration is permitted to attend the arbitration hearing. The arbitrator shall determine whether any other person may attend the hearing.

10.     **Postponement**

The arbitrator, for good cause shown, may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree to a postponement.

11.     **Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by a duly qualified person and, if it is required by law or requested by any party, shall do so.

12.     **Stenographic Record**

Either party may request a stenographic record of the hearing. The party that requests the record shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

13.     **Arbitration in the Absence of a Party**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the award.

14.     **Discovery**

    a.      **Interrogatory** - Each party shall be entitled to propound and serve upon the

other party one interrogatory in a form consistent with Rule 33 of the Federal Rules of Civil Procedure and which shall be limited to the identification of potential witnesses. "Identification" means that a party must identify each witness's name, current address and telephone number, and a brief description of the subject of testimony.

b.      **Requests for Production of Documents** - Each party shall be entitled to propound and serve upon the other party one set of Requests for the Production of Documents in a form consistent with Rule 34 of the Federal Rules of Civil Procedure and which shall be limited in number to twenty-five (25) requests (including subparts, which shall be counted separately). Parties reserve the right to make objections to any document request on the grounds that the request is irrelevant, overly broad, vague, or burdensome, or any other good faith objection under the Federal Rules of Civil Procedure.

c.      **Depositions** - Each party shall be entitled to conduct a maximum of two (2) eight--hour days of depositions of witnesses or of the parties in accordance with the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure. In addition, each party shall be entitled to conduct a maximum of one (1) eight-hour day of depositions of expert witnesses designated by the other party.

d.      **Physical and Mental Examinations** - Each party shall be entitled to obtain discovery consistent with Rule 35 of the Federal Rules of Civil Procedure.

e.      **Arbitrator Authority** - The arbitrator shall have the authority to resolve all issues concerning discovery that may arise between the parties. In addition, the arbitrator shall have the authority to issue subpoenas for the appearance of witnesses or the production of documents pursuant to applicable law.

f.      **Prehearing Submissions** - At least thirty (30) days prior to the hearing, the parties are required to exchange lists of witnesses, including any expert witnesses, who the parties anticipate will be called to testify at the hearing. In addition, the parties are required to exchange copies of all exhibits the parties intend to introduce as evidence at the hearing.

15.     **Briefs**

Each party shall be entitled to file a pre-hearing brief and/or post-hearing brief with the arbitrator setting forth legal and factual arguments. The arbitrator shall have the authority to set deadlines for the filing of such briefs to avoid undue delay in the proceedings.

16.     **Evidence**

The arbitrator shall be the judge of the admissibility, relevance and materiality of the evidence offered.

17.     **Closing of Hearing**

The arbitrator shall determine whether the parties have any further evidence to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

18.     **Reopening of Hearing**

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

19.    **Waiver of Procedures**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

20.    **Time of Award**

The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the hearing or as soon as possible thereafter.

21.    **Award**

a.    **Form** - The award shall be in writing and shall be signed by the arbitrator. If any party requests, the arbitrator shall issue an opinion in writing, which shall set forth in summary form the reasons for the arbitrator's determination. All awards shall be executed in the manner required by law.

b.    **Scope of Relief** - The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this Policy. The arbitrator shall have the authority to grant any remedy or relief (including attorneys' fees where authorized by statute) that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory limitations on damages. The arbitrator shall not have the authority to award damages or penalties to any entity or individual who is not a party to the arbitration. The arbitrator shall have the authority to award counsel fees to UnitedHealth Group if the arbitrator finds the employee's or former employee's demand for arbitration was frivolous, vexatious, or was not submitted in good faith.

c.    **Final Judgment** - The award shall be final and binding upon all parties to the arbitration.

22.    **Delivery of Award to Parties**

The award shall be deemed delivered to a party upon placement of the award, or a true and correct copy thereof, addressed to the party or its representative at the last known address in the U.S. mail, certified, return receipt requested; personal service of the award, or a true and correct copy thereof; or the filing of the award in any manner that is permitted by law.

23.    **Severability**

If any portion or provision of this Policy is held to be void or unenforceable, the remainder of this Policy will be enforceable and any part may be severed from the remainder, as appropriate.

24.    **Judicial Proceedings and Enforcement of Awards**

a.    Neither the AAA nor any arbitrator in a proceeding under these procedures is a necessary party in judicial proceedings relating to the arbitration.

b.    Either party may bring an action in a court of competent jurisdiction to compel arbitration under this Policy, to enforce an arbitration award, or to vacate an arbitration award. In actions seeking to vacate an award, the standard of review to be applied to the arbitrator's findings of fact and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

25.    **Expenses**

The expenses of witnesses for either side shall be paid by the party requiring the presence of such witnesses. Each side shall pay its own legal fees and expenses, except where such legal fees and expenses may be awarded under applicable law. All other expenses (except Postponement Fees or Additional Hearing Fees resulting from the actions or inactions of the employee or employee's representative) of the arbitration, such as required travel and other expenses of the arbitrator (including any witness produced at the direction of the arbitrator), and the expenses of a representative of AAA, if any, shall be paid completely by UnitedHealth Group. This allocation of expenses may not be changed by the arbitration award. However, if the arbitrator finds that the employee's or UnitedHealth Group's demand for arbitration is frivolous, or vexatious, or was not filed in good faith, the arbitrator may require the offending party to reimburse the other party for the arbitrator's expenses.

26.    **Service of Notice**

Any notice necessary or proper for the initiation or continuation of an arbitration under these procedures, for any related court action, or for the entry of judgment on an award made under these procedures may be served on a party by the U.S. Mail or by a commercial express delivery service, addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held. The AAA, the arbitrator, and the parties may also use facsimile transmission or other written forms of electronic communication to give the notice required by these procedures, provided that such notice is confirmed by telephone or subsequent mailing to all affected parties.

27.    **Time Period for Arbitration**

The written Demand for Arbitration must be received within the time period allowed pursuant to the statute, regulation, or other law applicable to the alleged act or omission giving rise to the dispute.

28.    **Interpretation and Application of Procedure**

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

**D.    AMENDMENT OR TERMINATION OF ARBITRATION POLICY**

UnitedHealth Group reserves the right to amend, modify, or terminate the Policy effective on January 1 of any year after providing at least 30 days notice of its intent and the substance of any amendment, modification or termination of the Policy. Notice may be effected by the posting of the notice on the UnitedHealth Group intranet website. The Policy may only be amended, modified or terminated in writing, effective on January 1 of any year, by the authority of the Senior Executive for Human Capital.

**E.    EFFECTIVE DATE**

This Policy became effective on October 2, 1995, for all persons employed by UnitedHealth Group Corporation or its subsidiaries who were assigned to The MetraHealth Companies, Inc., or any of its subsidiaries. This Policy became effective on January 1, 1996, for all other employees of UnitedHealth Group or its subsidiaries employed on or after that date.

All arbitrations shall be conducted in accordance with the Policy in effect on the date the Corporate Employee Relations Department receives the Demand for Arbitration.

This Policy supersedes any and all prior versions and has been revised effective January 1, 2006.

---

1    *The term "employee(s)" includes both current and former employees of UnitedHealth Group.*

**MARIA S FONSECA**

I have read and agree to the above.

**Date Received:**    12/20/2010

Thank You. Your acknowledgement has been captured. No further action is needed.

Return to New Employee Forms Launch Page

## New Employee Forms

**Review and Acknowledge at the bottom of this page**

# UnitedHealth Group Employment Arbitration Policy

### A.      STATEMENT OF INTENT

UnitedHealth Group Incorporated and its subsidiaries (referred to as "UnitedHealth Group") acknowledge that disagreements may arise between an individual employee[1] and UnitedHealth Group or between employees in a context that involves UnitedHealth Group. UnitedHealth Group believes that the resolution of such disagreements is best accomplished through internal dispute resolution ("IDR"), and, where that fails, by arbitration administered by the American Arbitration Association ("AAA"). Employees and UnitedHealth Group benefit from the use of private arbitration because it usually results in quicker, less costly resolution of disagreements than litigation in state or federal courts. For these reasons, UnitedHealth Group has adopted this Employment Arbitration Policy ("Policy").

This Policy is a binding contract between UnitedHealth Group and its employees. **Acceptance of employment or continuation of employment with UnitedHealth Group is deemed to be acceptance of this Policy.** However, this Policy is not a promise that employment will continue for any specified period of time or end only under certain conditions. Employment at UnitedHealth Group is a voluntary (at will) relationship existing for no definite period of time and this Policy does not change that relationship.

### B.      SCOPE OF POLICY

The agreement between each individual employee and UnitedHealth Group to be bound by the Policy creates a contract requiring both parties to resolve most employment-related disputes (excluded disputes are listed below) that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

The disputes covered under this Policy include any dispute between an employee and any other person where: (1) the employee seeks to hold UnitedHealth Group liable on account of the other person's conduct, or (2) the other person is also covered by this Policy and the dispute arises from or relates to employment, including termination of employment, with UnitedHealth Group. The disputes covered under the Policy also include any dispute UnitedHealth Group might have with a current or former employee which arises or relates to employment.

Employees are encouraged to exhaust the IDR process before initiating arbitration. If an employment-related dispute is not resolved through the IDR process and the dispute is based on a legal claim not expressly excluded from this Policy, any party to the dispute may initiate the arbitration process. UnitedHealth Group is not required to follow the steps of either IDR or the Policy before initiating or implementing any disciplinary action.

A dispute is based on a legal claim and is subject to this Policy if it arises from or involves a claim under any federal, state or local statute, ordinance, regulation or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment including, but not limited to, the following: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments and regulations, state human rights and non-discrimination laws; whistleblower or retaliation claims; breach of contract, promissory estoppel, or any other contract claim, and defamation, employment negligence, or any other tort claim. Claims excluded from arbitration under the Policy are claims for severance benefits under the UnitedHealth Group Severance Pay Plan, claims for benefits under UnitedHealth Group's other ERISA benefit plans,

and claims for benefits under UnitedHealth Group's Short-Term Disability Plan. A separate arbitration policy applies to certain of these benefit-related claims. Further information can be found in your Benefits Handbook.

Any dispute covered by this Policy will be arbitrated on an individual basis. No dispute between an employee and UnitedHealth Group may be consolidated or joined with a dispute between any other employee and UnitedHealth Group, nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Policy and would be subject to immediate judicial review.

This Policy does not preclude an employee from filing a claim or charge with a governmental administrative agency, such as the National Labor Relations Board, the Department of Labor, and the Equal Employment Opportunity Commission, or from filing a workers' compensation or unemployment compensation claim in a statutorily-specified forum. In addition, this Policy does not preclude either an employee or UnitedHealth Group from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law. However, after the court has issued a ruling concerning the emergency or temporary injunctive relief, the employee and UnitedHealth Group are required to submit the dispute to arbitration pursuant to this Policy.

The arbitrator will be bound by the applicable law of the jurisdiction under which the dispute arises. This Policy covers any dispute subject to arbitration which is brought on or after the applicable effective date, as set forth in Section E of this Policy, even if the alleged act or omission occurred prior to the applicable effective date.

An issue is subject to arbitration only if it states a claim under applicable federal, state, or local law. An arbitrator or a court of law with jurisdiction shall dismiss, without a hearing on the merits, any matter which does not state a claim under applicable federal, state, or local law.

**C.      ARBITRATION RULES AND PROCEDURES**

The rules and procedures to be used by the parties are generally based on the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA Rules"). UnitedHealth Group has modified the rules and procedures in certain respects. In particular, provisions regarding fees and costs have been modified to provide that many of the costs typically shared by the parties will be borne by UnitedHealth Group. In addition, provisions permitting limited discovery have been added to ensure that both parties have similar access to relevant information. The AAA Rules shall govern issues not specifically addressed by this Policy.

1.      **Initiation of Arbitration Proceeding**

a.      **Arbitration Initiated by Employee** - UnitedHealth Group shall pay 100 percent in excess of the first twenty-five dollars ($25) of the required AAA administrative fee. An employee may initiate arbitration by submitting a written demand for arbitration to Corporate Employee Relations, UnitedHealth Group, 9900 Bren Road East, MN008-T850, Minnetonka, MN 55343, with a check for $25 payable to UnitedHealth Group. The demand shall set forth the dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30 business days of receiving such demand, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule.

b.      **Arbitration Initiated by UnitedHealth Group** - UnitedHealth Group may initiate arbitration by submitting a written demand for arbitration to the employee's last home address of record via certified mail or overnight mail. The demand shall set forth the legal claim and dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30

business days of submitting the demand to the employee, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule. When arbitration is initiated by UnitedHealth Group, the company is responsible for 100% of all AAA administrative fees.

2.      **Appointment of Neutral Arbitrator**

The AAA shall appoint one neutral arbitrator from its Panel of Arbitrators, unless UnitedHealth Group and the employee mutually agree that a panel of three (3) arbitrators be appointed. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" in these Rules shall refer to the panel. The arbitrator shall be appointed in the following manner:

a.      As soon as practicable, the AAA shall submit to each party an identical list of nine (9) proposed arbitrators.

b.      Each party shall have ten (10) business days from the mailing date of the list to cross off names of arbitrators to which the party objects, number the remaining names in order of preference and return the list to the AAA. Each party may strike up to three names without cause.

c.      If the party does not return the list within the time specified, all persons on the list shall be deemed acceptable.

d.      The AAA shall appoint an arbitrator remaining on the list in the order of preference, to the extent the order of preference of the parties can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue an additional list of arbitrator names to the parties.

3.      **Qualifications of Neutral Arbitrator**

No person shall serve as a neutral arbitrator in any matter in which that person has or may have any financial or personal interest in the result of the proceeding. Prior to accepting appointment, the prospective arbitrator shall disclose to the AAA any information or circumstance which may be likely to prevent a prompt hearing, create a presumption of bias, or create a conflict of interest. Upon receipt of such information, the AAA shall either replace that person or communicate the information to the parties for comment. The parties must provide comment to the AAA within ten (10) business days of receipt of the communication. The parties may waive their right to seek disqualification of the arbitrator. If a party seeks disqualification of the arbitrator due to the potentially conflicting circumstance, the AAA shall make the final and conclusive determination concerning disqualification.

4.      **Vacancies**

If a vacancy occurs, if an appointed arbitrator is unable to serve promptly, or if an arbitrator is disqualified under subparagraph 3 above, the vacancy shall be filled in accordance with subparagraph 2.

5.      **Summary Disposition**

The arbitrator shall have the authority to issue an award or partial award without conducting an arbitration hearing on the grounds that there is no claim stated on which relief can be granted or that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law, consistent with Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. Upon the request of either party, the arbitrator will

establish a briefing schedule and, if necessary, schedule an opportunity for oral argument prior to considering such motions for summary judgment.

6.    **Date, Time and Place of Hearing**

The arbitrator shall set the date, time and place of the hearing, written notice of which must be received by the parties from the AAA or arbitrator at least ten (10) business days in advance of the hearing, unless the parties agree otherwise.

7.    **Representation**

Any party may be represented by an attorney, a current non-supervisory UnitedHealth Group coworker, or by him or herself. A party must inform the other party and the AAA of the name, address and telephone number of an authorized representative at least three (3) business days prior to the date set for the hearing.

8.    **Confidentiality**

All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary. The arbitrator shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary. The arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

9.    **Attendance at Hearing**

The arbitrator shall have the power to require the exclusion of any witness, other than a party, or other essential person, during the testimony of any other witness. In general, any person who has a direct interest in the arbitration is permitted to attend the arbitration hearing. The arbitrator shall determine whether any other person may attend the hearing.

10.    **Postponement**

The arbitrator, for good cause shown, may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree to a postponement.

11.    **Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by a duly qualified person and, if it is required by law or requested by any party, shall do so.

12.    **Stenographic Record**

Either party may request a stenographic record of the hearing. The party that requests the record shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

13.    **Arbitration in the Absence of a Party**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the award.

14.    **Discovery**

a.    **Interrogatory** - Each party shall be entitled to propound and serve upon the

other party one interrogatory in a form consistent with Rule 33 of the Federal Rules of Civil Procedure and which shall be limited to the identification of potential witnesses. "Identification" means that a party must identify each witness's name, current address and telephone number, and a brief description of the subject of testimony.

b.      **Requests for Production of Documents** - Each party shall be entitled to propound and serve upon the other party one set of Requests for the Production of Documents in a form consistent with Rule 34 of the Federal Rules of Civil Procedure and which shall be limited in number to twenty-five (25) requests (including subparts, which shall be counted separately). Parties reserve the right to make objections to any document request on the grounds that the request is irrelevant, overly broad, vague, or burdensome, or any other good faith objection under the Federal Rules of Civil Procedure.

c.      **Depositions** - Each party shall be entitled to conduct a maximum of two (2) eight--hour days of depositions of witnesses or of the parties in accordance with the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure. In addition, each party shall be entitled to conduct a maximum of one (1) eight-hour day of depositions of expert witnesses designated by the other party.

d.      **Physical and Mental Examinations** - Each party shall be entitled to obtain discovery consistent with Rule 35 of the Federal Rules of Civil Procedure.

e.      **Arbitrator Authority** - The arbitrator shall have the authority to resolve all issues concerning discovery that may arise between the parties. In addition, the arbitrator shall have the authority to issue subpoenas for the appearance of witnesses or the production of documents pursuant to applicable law.

f.      **Prehearing Submissions** - At least thirty (30) days prior to the hearing, the parties are required to exchange lists of witnesses, including any expert witnesses, who the parties anticipate will be called to testify at the hearing. In addition, the parties are required to exchange copies of all exhibits the parties intend to introduce as evidence at the hearing.

15.    **Briefs**

Each party shall be entitled to file a pre-hearing brief and/or post-hearing brief with the arbitrator setting forth legal and factual arguments. The arbitrator shall have the authority to set deadlines for the filing of such briefs to avoid undue delay in the proceedings.

16.    **Evidence**

The arbitrator shall be the judge of the admissibility, relevance and materiality of the evidence offered.

17.    **Closing of Hearing**

The arbitrator shall determine whether the parties have any further evidence to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

18.    **Reopening of Hearing**

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

19.    **Waiver of Procedures**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

20.    **Time of Award**

The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the hearing or as soon as possible thereafter.

21.    **Award**

a.      **Form** - The award shall be in writing and shall be signed by the arbitrator. If any party requests, the arbitrator shall issue an opinion in writing, which shall set forth in summary form the reasons for the arbitrator's determination. All awards shall be executed in the manner required by law.

b.      **Scope of Relief** - The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this Policy. The arbitrator shall have the authority to grant any remedy or relief (including attorneys' fees where authorized by statute) that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory limitations on damages. The arbitrator shall not have the authority to award damages or penalties to any entity or individual who is not a party to the arbitration. The arbitrator shall have the authority to award counsel fees to UnitedHealth Group if the arbitrator finds the employee's or former employee's demand for arbitration was frivolous, vexatious, or was not submitted in good faith.

c.      **Final Judgment** - The award shall be final and binding upon all parties to the arbitration.

22.    **Delivery of Award to Parties**

The award shall be deemed delivered to a party upon placement of the award, or a true and correct copy thereof, addressed to the party or its representative at the last known address in the U.S. mail, certified, return receipt requested; personal service of the award, or a true and correct copy thereof; or the filing of the award in any manner that is permitted by law.

23.    **Severability**

If any portion or provision of this Policy is held to be void or unenforceable, the remainder of this Policy will be enforceable and any part may be severed from the remainder, as appropriate.

24.    **Judicial Proceedings and Enforcement of Awards**

a.      Neither the AAA nor any arbitrator in a proceeding under these procedures is a necessary party in judicial proceedings relating to the arbitration.

b.      Either party may bring an action in a court of competent jurisdiction to compel arbitration under this Policy, to enforce an arbitration award, or to vacate an arbitration award. In actions seeking to vacate an award, the standard of review to be applied to the arbitrator's findings of fact and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

25.    **Expenses**

The expenses of witnesses for either side shall be paid by the party requiring the presence of such witnesses. Each side shall pay its own legal fees and expenses, except where such legal fees and expenses may be awarded under applicable law. All other expenses (except Postponement Fees or Additional Hearing Fees resulting from the actions or inactions of the employee or employee's representative) of the arbitration, such as required travel and other expenses of the arbitrator (including any witness produced at the direction of the arbitrator), and the expenses of a representative of AAA, if any, shall be paid completely by UnitedHealth Group. This allocation of expenses may not be changed by the arbitration award. However, if the arbitrator finds that the employee's or UnitedHealth Group's demand for arbitration is frivolous, or vexatious, or was not filed in good faith, the arbitrator may require the offending party to reimburse the other party for the arbitrator's expenses.

26.    **Service of Notice**

Any notice necessary or proper for the initiation or continuation of an arbitration under these procedures, for any related court action, or for the entry of judgment on an award made under these procedures may be served on a party by the U.S. Mail or by a commercial express delivery service, addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held. The AAA, the arbitrator, and the parties may also use facsimile transmission or other written forms of electronic communication to give the notice required by these procedures, provided that such notice is confirmed by telephone or subsequent mailing to all affected parties.

27.    **Time Period for Arbitration**

The written Demand for Arbitration must be received within the time period allowed pursuant to the statute, regulation, or other law applicable to the alleged act or omission giving rise to the dispute.

28.    **Interpretation and Application of Procedure**

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

D.    **AMENDMENT OR TERMINATION OF ARBITRATION POLICY**

UnitedHealth Group reserves the right to amend, modify, or terminate the Policy effective on January 1 of any year after providing at least 30 days notice of its intent and the substance of any amendment, modification or termination of the Policy. Notice may be effected by the posting of the notice on the UnitedHealth Group intranet website. The Policy may only be amended, modified or terminated in writing, effective on January 1 of any year, by the authority of the Senior Executive for Human Capital.

E.    **EFFECTIVE DATE**

This Policy became effective on October 2, 1995, for all persons employed by UnitedHealth Group Corporation or its subsidiaries who were assigned to The MetraHealth Companies, Inc., or any of its subsidiaries. This Policy became effective on January 1, 1996, for all other employees of UnitedHealth Group or its subsidiaries employed on or after that date.

All arbitrations shall be conducted in accordance with the Policy in effect on the date the Corporate Employee Relations Department receives the Demand for Arbitration.

This Policy supersedes any and all prior versions and has been revised effective January 1, 2006.

Arbitration Acknowledgement

---

1   *The term "employee(s)" includes both current and former employees of UnitedHealth*
*Group.*

---

**VICTOR FELICIANO**

I have read and agree to the above.

**Thank You. Your acknowledgement has been captured. No further action is needed.**

**Date Received:**    11/09/2007

---

Return to New Employee Forms Launch Page

## New Employee Forms

**Review and Acknowledge at the bottom of this page**

# UnitedHealth Group Employment Arbitration Policy

### A.    STATEMENT OF INTENT

UnitedHealth Group Incorporated and its subsidiaries (referred to as "UnitedHealth Group") acknowledge that disagreements may arise between an individual employee[1] and UnitedHealth Group or between employees in a context that involves UnitedHealth Group. UnitedHealth Group believes that the resolution of such disagreements is best accomplished through internal dispute resolution ("IDR"), and, where that fails, by arbitration administered by the American Arbitration Association ("AAA"). Employees and UnitedHealth Group benefit from the use of private arbitration because it usually results in quicker, less costly resolution of disagreements than litigation in state or federal courts. For these reasons, UnitedHealth Group has adopted this Employment Arbitration Policy ("Policy").

This Policy is a binding contract between UnitedHealth Group and its employees. **Acceptance of employment or continuation of employment with UnitedHealth Group is deemed to be acceptance of this Policy.** However, this Policy is not a promise that employment will continue for any specified period of time or end only under certain conditions. Employment at UnitedHealth Group is a voluntary (at will) relationship existing for no definite period of time and this Policy does not change that relationship.

### B.    SCOPE OF POLICY

The agreement between each individual employee and UnitedHealth Group to be bound by the Policy creates a contract requiring both parties to resolve most employment-related disputes (excluded disputes are listed below) that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy.

The disputes covered under this Policy include any dispute between an employee and any other person where: (1) the employee seeks to hold UnitedHealth Group liable on account of the other person's conduct, or (2) the other person is also covered by this Policy and the dispute arises from or relates to employment, including termination of employment, with UnitedHealth Group. The disputes covered under the Policy also include any dispute UnitedHealth Group might have with a current or former employee which arises or relates to employment.

Employees are encouraged to exhaust the IDR process before initiating arbitration. If an employment-related dispute is not resolved through the IDR process and the dispute is based on a legal claim not expressly excluded from this Policy, any party to the dispute may initiate the arbitration process. UnitedHealth Group is not required to follow the steps of either IDR or the Policy before initiating or implementing any disciplinary action.

A dispute is based on a legal claim and is subject to this Policy if it arises from or involves a claim under any federal, state or local statute, ordinance, regulation or common law doctrine regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment including, but not limited to, the following: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments and regulations, state human rights and non-discrimination laws; whistleblower or retaliation claims; breach of contract, promissory estoppel, or any other contract claim, and defamation, employment negligence, or any other tort claim. Claims excluded from arbitration under the Policy are claims for severance benefits under the UnitedHealth Group Severance Pay Plan, claims for benefits under UnitedHealth Group's other ERISA benefit plans,

and claims for benefits under UnitedHealth Group's Short-Term Disability Plan. A separate arbitration policy applies to certain of these benefit-related claims. Further information can be found in your Benefits Handbook.

Any dispute covered by this Policy will be arbitrated on an individual basis. No dispute between an employee and UnitedHealth Group may be consolidated or joined with a dispute between any other employee and UnitedHealth Group, nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Policy and would be subject to immediate judicial review.

This Policy does not preclude an employee from filing a claim or charge with a governmental administrative agency, such as the National Labor Relations Board, the Department of Labor, and the Equal Employment Opportunity Commission, or from filing a workers' compensation or unemployment compensation claim in a statutorily-specified forum. In addition, this Policy does not preclude either an employee or UnitedHealth Group from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law. However, after the court has issued a ruling concerning the emergency or temporary injunctive relief, the employee and UnitedHealth Group are required to submit the dispute to arbitration pursuant to this Policy.

The arbitrator will be bound by the applicable law of the jurisdiction under which the dispute arises. This Policy covers any dispute subject to arbitration which is brought on or after the applicable effective date, as set forth in Section E of this Policy, even if the alleged act or omission occurred prior to the applicable effective date.

An issue is subject to arbitration only if it states a claim under applicable federal, state, or local law. An arbitrator or a court of law with jurisdiction shall dismiss, without a hearing on the merits, any matter which does not state a claim under applicable federal, state, or local law.

**C.        ARBITRATION RULES AND PROCEDURES**

The rules and procedures to be used by the parties are generally based on the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA Rules"). UnitedHealth Group has modified the rules and procedures in certain respects. In particular, provisions regarding fees and costs have been modified to provide that many of the costs typically shared by the parties will be borne by UnitedHealth Group. In addition, provisions permitting limited discovery have been added to ensure that both parties have similar access to relevant information. The AAA Rules shall govern issues not specifically addressed by this Policy.

1.        **Initiation of Arbitration Proceeding**

a.        **Arbitration Initiated by Employee** - UnitedHealth Group shall pay 100 percent in excess of the first twenty-five dollars ($25) of the required AAA administrative fee. An employee may initiate arbitration by submitting a written demand for arbitration to Corporate Employee Relations, UnitedHealth Group, 9900 Bren Road East, MN008-T850, Minnetonka, MN 55343, with a check ⸺for $25⸺ payable to UnitedHealth Group. The demand shall set forth the dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30 business days of receiving such demand, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule.

b.        **Arbitration Initiated by UnitedHealth Group** - UnitedHealth Group may initiate arbitration by submitting a written demand for arbitration to the employee's last home address of record via certified mail or overnight mail. The demand shall set forth the legal claim and dispute, including the alleged act or omission at issue, the name, address and telephone number of the employee, and the names of all persons allegedly involved in the act or omission. Within 30

business days of submitting the demand to the employee, UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule. When arbitration is initiated by UnitedHealth Group, the company is responsible for 100% of all AAA administrative fees.

2.    **Appointment of Neutral Arbitrator**

The AAA shall appoint one neutral arbitrator from its Panel of Arbitrators, unless UnitedHealth Group and the employee mutually agree that a panel of three (3) arbitrators be appointed. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" in these Rules shall refer to the panel. The arbitrator shall be appointed in the following manner:

a.    As soon as practicable, the AAA shall submit to each party an identical list of nine (9) proposed arbitrators.

b.    Each party shall have ten (10) business days from the mailing date of the list to cross off names of arbitrators to which the party objects, number the remaining names in order of preference and return the list to the AAA. Each party may strike up to three names without cause.

c.    If the party does not return the list within the time specified, all persons on the list shall be deemed acceptable.

d.    The AAA shall appoint an arbitrator remaining on the list in the order of preference, to the extent the order of preference of the parties can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue an additional list of arbitrator names to the parties.

3.    **Qualifications of Neutral Arbitrator**

No person shall serve as a neutral arbitrator in any matter in which that person has or may have any financial or personal interest in the result of the proceeding. Prior to accepting appointment, the prospective arbitrator shall disclose to the AAA any information or circumstance which may be likely to prevent a prompt hearing, create a presumption of bias, or create a conflict of interest. Upon receipt of such information, the AAA shall either replace that person or communicate the information to the parties for comment. The parties must provide comment to the AAA within ten (10) business days of receipt of the communication. The parties may waive their right to seek disqualification of the arbitrator. If a party seeks disqualification of the arbitrator due to the potentially conflicting circumstance, the AAA shall make the final and conclusive determination concerning disqualification.

4.    **Vacancies**

If a vacancy occurs, if an appointed arbitrator is unable to serve promptly, or if an arbitrator is disqualified under subparagraph 3 above, the vacancy shall be filled in accordance with subparagraph 2.

5.    **Summary Disposition**

The arbitrator shall have the authority to issue an award or partial award without conducting an arbitration hearing on the grounds that there is no claim stated on which relief can be granted or that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law, consistent with Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. Upon the request of either party, the arbitrator will

establish a briefing schedule and, if necessary, schedule an opportunity for oral argument prior to considering such motions for summary judgment.

6.    **Date, Time and Place of Hearing**

The arbitrator shall set the date, time and place of the hearing, written notice of which must be received by the parties from the AAA or arbitrator at least ten (10) business days in advance of the hearing, unless the parties agree otherwise.

7.    **Representation**

Any party may be represented by an attorney, a current non-supervisory UnitedHealth Group coworker, or by him or herself. A party must inform the other party and the AAA of the name, address and telephone number of an authorized representative at least three (3) business days prior to the date set for the hearing.

8.    **Confidentiality**

All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary. The arbitrator shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary. The arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

9.    **Attendance at Hearing**

The arbitrator shall have the power to require the exclusion of any witness, other than a party, or other essential person, during the testimony of any other witness. In general, any person who has a direct interest in the arbitration is permitted to attend the arbitration hearing. The arbitrator shall determine whether any other person may attend the hearing.

10.    **Postponement**

The arbitrator, for good cause shown, may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree to a postponement.

11.    **Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by a duly qualified person and, if it is required by law or requested by any party, shall do so.

12.    **Stenographic Record**

Either party may request a stenographic record of the hearing. The party that requests the record shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

13.    **Arbitration in the Absence of a Party**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the award.

14.    **Discovery**

a.    **Interrogatory** - Each party shall be entitled to propound and serve upon the

other party one interrogatory in a form consistent with Rule 33 of the Federal Rules of Civil Procedure and which shall be limited to the identification of potential witnesses. "Identification" means that a party must identify each witness's name, current address and telephone number, and a brief description of the subject of testimony.

b.    **Requests for Production of Documents** - Each party shall be entitled to propound and serve upon the other party one set of Requests for the Production of Documents in a form consistent with Rule 34 of the Federal Rules of Civil Procedure and which shall be limited in number to twenty-five (25) requests (including subparts, which shall be counted separately). Parties reserve the right to make objections to any document request on the grounds that the request is irrelevant, overly broad, vague, or burdensome, or any other good faith objection under the Federal Rules of Civil Procedure.

c.    **Depositions** - Each party shall be entitled to conduct a maximum of two (2) eight-hour days of depositions of witnesses or of the parties in accordance with the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure. In addition, each party shall be entitled to conduct a maximum of one (1) eight-hour day of depositions of expert witnesses designated by the other party.

d.    **Physical and Mental Examinations** - Each party shall be entitled to obtain discovery consistent with Rule 35 of the Federal Rules of Civil Procedure.

e.    **Arbitrator Authority** - The arbitrator shall have the authority to resolve all issues concerning discovery that may arise between the parties. In addition, the arbitrator shall have the authority to issue. subpoenas for the appearance of witnesses or the production of documents pursuant to applicable law.

f.    **Prehearing Submissions** - At least thirty (30) days prior to the hearing, the parties are required to exchange lists of witnesses, including any expert witnesses, who the parties anticipate will be called to testify at the hearing. In addition, the parties are required to exchange copies of all exhibits the parties intend to introduce as evidence at the hearing.

15.    **Briefs**

Each party shall be entitled to file a pre-hearing brief and/or post-hearing brief with the arbitrator setting forth legal and factual arguments. The arbitrator shall have the authority to set deadlines for the filing of such briefs to avoid undue delay in the proceedings.

16.    **Evidence**

The arbitrator shall be the judge of the admissibility, relevance and materiality of the evidence offered.

17.    **Closing of Hearing**

The arbitrator shall determine whether the parties have any further evidence to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

18.    **Reopening of Hearing**

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

19.    **Waiver of Procedures**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

20.    **Time of Award**

The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the hearing or as soon as possible thereafter.

21.    **Award**

a.    **Form** - The award shall be in writing and shall be signed by the arbitrator. If any party requests, the arbitrator shall issue an opinion in writing, which shall set forth in summary form the reasons for the arbitrator's determination. All awards shall be executed in the manner required by law.

b.    **Scope of Relief** - The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this Policy. The arbitrator shall have the authority to grant any remedy or relief (including attorneys' fees where authorized by statute) that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory limitations on damages. The arbitrator shall not have the authority to award damages or penalties to any entity or individual who is not a party to the arbitration. The arbitrator shall have the authority to award counsel fees to UnitedHealth Group if the arbitrator finds the employee's or former employee's demand for arbitration was frivolous, vexatious, or was not submitted in good faith.

c.    **Final Judgment** - The award shall be final and binding upon all parties to the arbitration.

22.    **Delivery of Award to Parties**

The award shall be deemed delivered to a party upon placement of the award, or a true and correct copy thereof, addressed to the party or its representative at the last known address in the U.S. mail, certified, return receipt requested; personal service of the award, or a true and correct copy thereof; or the filing of the award in any manner that is permitted by law.

23.    **Severability**

If any portion or provision of this Policy is held to be void or unenforceable, the remainder of this Policy will be enforceable and any part may be severed from the remainder, as appropriate.

24.    **Judicial Proceedings and Enforcement of Awards**

a.    Neither the AAA nor any arbitrator in a proceeding under these procedures is a necessary party in judicial proceedings relating to the arbitration.

b.    Either party may bring an action in a court of competent jurisdiction to compel arbitration under this Policy, to enforce an arbitration award, or to vacate an arbitration award. In actions seeking to vacate an award, the standard of review to be applied to the arbitrator's findings of fact and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

25.    **Expenses**

The expenses of witnesses for either side shall be paid by the party requiring the presence of such witnesses. Each side shall pay its own legal fees and expenses, except where such legal fees and expenses may be awarded under applicable law. All other expenses (except Postponement Fees or Additional Hearing Fees resulting from the actions or inactions of the employee or employee's representative) of the arbitration, such as required travel and other expenses of the arbitrator (including any witness produced at the direction of the arbitrator), and the expenses of a representative of AAA, if any, shall be paid completely by UnitedHealth Group. This allocation of expenses may not be changed by the arbitration award. However, if the arbitrator finds that the employee's or UnitedHealth Group's demand for arbitration is frivolous, or vexatious, or was not filed in good faith, the arbitrator may require the offending party to reimburse the other party for the arbitrator's expenses.

26.    **Service of Notice**

Any notice necessary or proper for the initiation or continuation of an arbitration under these procedures, for any related court action, or for the entry of judgment on an award made under these procedures may be served on a party by the U.S. Mail or by a commercial express delivery service, addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held. The AAA, the arbitrator, and the parties may also use facsimile transmission or other written forms of electronic communication to give the notice required by these procedures, provided that such notice is confirmed by telephone or subsequent mailing to all affected parties.

27.    **Time Period for Arbitration**

The written Demand for Arbitration must be received within the time period allowed pursuant to the statute, regulation, or other law applicable to the alleged act or omission giving rise to the dispute.

28.    **Interpretation and Application of Procedure**

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

**D.    AMENDMENT OR TERMINATION OF ARBITRATION POLICY**

UnitedHealth Group reserves the right to amend, modify, or terminate the Policy effective on January 1 of any year after providing at least 30 days notice of its intent and the substance of any amendment, modification or termination of the Policy. Notice may be effected by the posting of the notice on the UnitedHealth Group intranet website. The Policy may only be amended, modified or terminated in writing, effective on January 1 of any year, by the authority of the Senior Executive for Human Capital.

**E.    EFFECTIVE DATE**

This Policy became effective on October 2, 1995, for all persons employed by UnitedHealth Group Corporation or its subsidiaries who were assigned to The MetraHealth Companies, Inc., or any of its subsidiaries. This Policy became effective on January 1, 1996, for all other employees of UnitedHealth Group or its subsidiaries employed on or after that date.

All arbitrations shall be conducted in accordance with the Policy in effect on the date the Corporate Employee Relations Department receives the Demand for Arbitration.

This Policy supersedes any and all prior versions and has been revised effective January 1, 2006.

1   *The term "employee(s)" includes both current and former employees of UnitedHealth Group.*

---

**JANIRA TORRES**

☑ I have read and I agree to the above.

Date Received:   08/22/2009

Thank You. Your acknowledgement has been captured. No further action is needed.

---

Return to New Employee Forms Launch Page