

SHULMAN**KESSLER**
LLP

May 7, 2012

**Via Electronic Court Filing**

Hon. Denis R. Hurley, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **Re:**    ***Torres v. United Healthcare Services, Inc.***
               **Case No. 12 Civ. 0923 (DRH) (ARL)**

Dear Honorable Sir:

My office represents the Plaintiffs in the above referenced matter.  Please accept this correspondence as Plaintiffs' response to Defendant United Healthcare Services, Inc.'s ("UHG") request for a pre-motion conference in connection with their proposed motion to compel arbitration.  Additionally, please accept this correspondence as a request for a pre-motion conference regarding Plaintiffs' anticipated motion for conditional certification of a collective action, pursuant to 29 U.S.C. § 216(b).

**Plaintiffs' Response to UHG's Request for a Pre-Motion Conference**

Plaintiffs do not dispute that at the time they were hired by UHG they acknowledged receipt and agreed to be bound by the UnitedHealth Group Employment Arbitration Policies ("Arbitration Agreement").  See Exhibit "A" to Defendant's request for a pre-motion conference.  Plaintiffs assert, however, that the class and collective waiver contained in Section B of the Arbitration Agreement renders the waiver unenforceable. Accordingly, Defendant's proposed motion lacks merit as a matter of law.

The waiver contained in the Arbitration Agreement violates both the National Labor Relations Act ("NLRA") 29 U.S.C. § 151, *et seq.* and the Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq.*, by depriving UHG employees their ability to fully enforce their rights to be paid minimum wages and overtime pay guaranteed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Arbitration Agreement's prohibition on class or collective action participation eviscerates the wage protections of the FLSA and interferes with Plaintiffs' right to engage in concerted activity.

510 Broadhollow Road, Suite 110
Melville, New York 11747
Tel 631.499.9100  Fax 631.499.9120
www.shulmankessler.com

Hon. Denis R. Hurley, U.S.D.J.
Re: *Torres v. United Healthcare Services*
May 7, 2012
Page 2 of 3

Recently the National Labor Relations Board ("the Board") held that an employer violates the NLRA's prohibition on restraint of an employees' concerted activities "by requiring employees to waive their right to collectively pursue employment-related claim in all forums, arbitral and judicial." *In re D.R. Horton*, 357 NLRB No. 184, 2012 NLRB LEXIS 11, at *58 (NLRB Jan. 3, 2012). "While only the Board may provide affirmative remedies for unfair labor practices, a court may not enforce a contract which violates [the NLRA]." *Kaiser Steel Corp. v. Mullin*, 455 U.S. 72, 86 (1982). The Board's ruling in *D.R. Horton* should be applied to the instant matter because the Arbitration Agreement contains a prohibition on collective actions which violates the NLRA as it constitutes employer interference with concerted activity.

Moreover, as set forth in *D.R. Horton*, UHG's collective action ban also violates the Norris-LaGuardia Act. *D.R. Horton*, 2012 NLRB LEXIS, at *25. The Norris-LaGuardia Act prohibits not only anti-union contracts, but also "a broad array of 'yellow-dog' contracts," including agreements prohibiting collective actions. *Id.* at *26. The waiver at issue in this action is tantamount to such a contract.

As the class and collective waiver contained in the Arbitration Agreement violates both the NLRA and the Norris-LaGuardia Act, Plaintiffs intend to oppose Defendant's motion to compel arbitration.

### **Plaintiffs' Request for a Pre-Motion Conference**

Plaintiffs' anticipated motion pursuant to 29 U.S.C. § 216(b) will seek: (1) conditional certification of a collective action; (2) court-authorized notice of the action to potential opt-in plaintiffs; and (3) an order directing Defendant to provide the names, mailing addresses, email addresses, and dates of employment for all individuals similarly situated to Plaintiffs, employed by UHG during the past three years.

As detailed in the Complaint, Plaintiffs allege that the Defendant misclassified its sales representatives as exempt employees and failed to pay them overtime wages in violation of the FLSA as well as in violation of the New York Labor Law. To serve the "broad remedial purpose" of the FLSA, courts can and should order that a Notice of Pendency be sent to other potential "similarly situated" employees so that they have an opportunity to opt-in to the case. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Court supervised notice is the best method for notifying



Hon. Denis R. Hurley, U.S.D.J.
Re: *Torres v. United Healthcare Services*
May 7, 2012
Page 3 of 3

potential stakeholders that they may have a claim. *Hoffmann-LaRoche*, 493 U.S. at 172; *Sbarro*, 982 F. Supp. at 260.

Courts typically employ a two-step process in evaluating whether to certify a collective action. *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (Hurley, J.). Initially, the Court should only examine the pleadings and affidavits to determine whether the potential class members are "similarly situated," under a lenient evidentiary standard. *E.g.*, *Id.* at 386; *Moore v. Eagle Sanitation*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011). The second-step takes place after discovery and involves a "factual finding based on the developed factual record as to whether or not the class members are actually similarly situated." *Summa*, 715 F. Supp. 2d at 385 (citation omitted).

The Court does not need to evaluate the merits of the Plaintiffs underlying claims in order to determine whether putative class members are similarly situated for purposes of conditional certification. *See, e.g.*, *Searson v. Concord Mortg. Corp.*, No. 07 Civ. 3909, 2009 U.S. Dist. LEXIS, 88926, at *17 (Aug. 31, 2009) (Hurley, J.) ("[a]lthough discovery may ultimately show that some [employees] fall into an exemption of the FLSA . . . that possibility does not prevent conditional certification").

In light of the foregoing, Plaintiffs request a pre-motion conference or alternatively, a briefing schedule for their anticipated motion for conditional certification pursuant to 29 U.S.C. § 216(b).

\*        \*        \*        \*

Thank you for Your Honor's anticipated consideration of this matter.

Respectfully yours,

TROY L. KESSLER